IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROSEANN IACONELLI, | CIVIL ACTION |
| --- | --- |
| Plaintiff, | |
| v. | |
| PENNSYLVANIA CVS PHARMACY, LLC, | NO. 19-1764 |
| Defendants. | |

**MEMORANDUM OPINION**

In March of 2017, Plaintiff Roseann Iaconelli slipped and fell on an unlevel portion of asphalt. Plaintiff suffered numerous injuries as a result of her fall. She filed a personal injury suit against the entities that manage and control the property, Pennsylvania CVS Pharmacy, LLC ("CVS") and BT Washington, Inc. Defendant BT Washington filed a motion to dismiss Plaintiff's claims on the grounds that it did not receive proper service and that it does not, in fact, own the property in question. For the reasons that follow, BT Washington's request will be denied.

I.  **LEGAL STANDARDS**

BT Washington moves for dismissal under Federal Rule of Civil Procedure Rule 12(b)(2), (5), and (6). The court must accept all well-pleaded facts in the complaint as true and make all inferences in the non-moving party's favor. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Rule 12(b)(2) allows the court to dismiss a complaint for lack of personal jurisdiction. Under Rule 12(b)(5), the court can dismiss claims where service of process was insufficient. The plaintiff bears the burden of establishing proper service. *Grant Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) (citations omitted). Dismissal under Rule 12(b)(6) is appropriate only if plaintiff fails to state a claim upon which relief can be

granted. The claim must be "plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 670 (2007). In deciding the motion, the court may look only to "the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993).

## II. DISCUSSION

### A. Sufficiency of Plaintiff's Service of Process

Plaintiff initially filed her complaint in the Philadelphia Court of Common Pleas and served process on the defendants pursuant to Pennsylvania state law. Pa. R. Civ. P. 404. *See also* Fed. R. Civ. P. 4(e) (permitting service to be made according to the state law of the jurisdiction where the district court is located). One way to serve process is through "any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. Plaintiff attempted mail service in this suit by sending the complaint via certified mail to a New York City address for BT Washington it found on the Philadelphia Office of Property Assessment's filing for the CVS property in question. An individual named Jeff Santana signed for the complaint.

BT Washington claims it does not maintain an office at the listed New York City address and that it did not know about this lawsuit until it was recently contacted by its co-defendant. It thus alleges that the complaint must be dismissed due to insufficient service and lack of personal jurisdiction. *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991) (explaining that personal jurisdiction is acquired "over a defendant when the plaintiff serves the defendant with the complaint in a manner specified by Rule 4 of the Federal Rules of Civil Procedure").

2

Because Plaintiff mailed notice to the wrong address, service was not properly made. But that does not necessarily mean the complaint must be dismissed. A good faith effort at service may suffice. Pa. R. Civ. P. 401; *McCreesh v. City of Philadelphia*, 888 A.2d 664, 668 (Pa. 2005).[1]

The question of what constitutes good faith "is a matter to be assessed on a case by case basis." *Englert v. Fazio Mechanical Servs., Inc.*, 932 A.2d 122, 124 (Pa. Super. 2007) (internal quotations omitted). Determining the existence of good faith "lies within the sound discretion of the trial court." *McCreesh*, 888 A.2d at 672. Pennsylvania courts are to "dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." *Id.* at 674.

Most of the cases where courts have dismissed the plaintiff's claim due to a lack of good faith involve more serious shortcomings or egregious missteps than the ones evinced by Plaintiff. For example, a plaintiff who used the wrong address to serve process, despite being in a landlord-tenant relationship with the defendant and thus having ready access to the correct address, did not act in good faith. *Callan v. Patel*, 2018 WL 4635962, at *7 (M.D. Pa. Sept. 27, 2018). In another instance, the plaintiff's process server tried once to serve the complaint but was unsuccessful because no agent was present. It made no follow-up attempts. *Witherspoon v. City of Philadelphia*, 768 A.2d 1079, 1081 (Pa. 2001).

---

[1] BT Washington argues that Plaintiff cannot re-effect the allegedly insufficient service because the 90-day statute of limitations for serving has expired. And, since Plaintiff, according to BT Washington, did not make a good faith effort at service, she did not toll that limitations period. *See McCreesh*, 999 A.2d at 668. But Pennsylvania Rule of Civil Procedure 401(b) allows complaints to be reinstated upon a showing of good faith, thus restarting the 90-day period. It is the underlying statute of limitations—in this case, the two-year period for personal injury suits, 41. Pa. C.S.A. § 5524(2)—that is tolled by a good faith attempt at service. *Lamp v. Heyman*, 366 A.2d 882, 889 (Pa. 1976).

Here, Plaintiff used the address that BT Washington itself presumably provided to the Philadelphia Office of Property Assessment. She properly sent the complaint via certified mail, as permitted under the Pennsylvania rules, and received confirmation of acceptance. Admittedly, Plaintiff could have taken steps to actively confirm that the person who signed for the complaint was an agent of BT Washington. *See Furin v. Reese Teleservices, Inc.*, 2008 WL 5068955, at *1 (W.D. Pa. Nov. 24, 2008) (faulting plaintiff for failing to confirm that an authorized agent signed for the complaint). But that she arguably could have done more does not mean she did not act in good faith. There is no evidence that Plaintiff engaged in behavior "which serves to stall in its tracks the legal machinery [she] has just set in motion." *Lamp v. Heyman*, 366 A.2d 882, 478 (Pa. 1976). Nor has BT Washington alleged that it was prejudiced by Plaintiff's shortcomings. *McCreesh*, 888 A.2d at 674. The court thus declines to exercise its discretion in this case to dismiss the complaint and "punish[] a plaintiff for technical missteps" made in its service of process efforts. *Id.*

**B. Plausibility of Plaintiff's Complaint**

BT Washington also asserts that Plaintiff failed to state a claim upon which relief can be granted because the company did not own the property in question at the time of the accident. To support its assertion, it attached a purported deed of sale granting the property from BT Washington to CVS in 1997, well before Plaintiff's fall.

In deciding a motion to dismiss, courts are permitted to consider "matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). But the attached deed does not definitively resolve this dispute. The initial attached deed, to start, is unrecorded. Although Defendant later submitted a recorded deed, Plaintiff also

attached to her reply a recorded deed covering part of the property that underlies the dispute. And Plaintiff attached a document from the Philadelphia Office of Property Assessment indicating that BT Washington is still the listed owner of the property.

As BT Washington itself concedes, ownership of the property is "confusing." It argues that the deed Plaintiff attached does not impact the parcel of land on which she fell. But on a motion to dismiss, the court must make all reasonable inferences in Plaintiff's favor. *DeBenedictis v. Merrill Lynch & Co.*, 492 F.3d 209, 215 (3d Cir.2007) (internal quotation marks omitted). With competing deeds and disputes over which deed applies to which parcel (and a cross-claim from BT Washington's co-defendant asserting BT Washington is solely or jointly and severally liable for Plaintiff's harm), fact issues remain in this case. Plaintiff has plausibly alleged that BT Washington owned the property on which she fell and that its negligence in maintenance was the cause of her injury.

BT Washington's motion to dismiss shall be denied. An appropriate order follows.

**October 25, 2019**  **BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**